UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| IN RE: ONGLYZA (SAXAGLIPTIN) AND KOMBIGLYZE XR (SAXAGLIPTIN AND METFORMIN) PRODUCTS LIABILITY LITIGATION | Master File No. 5:18-md-2809-KKC <br><br> MDL No. 2809 <br><br> ALL CASES |

**OPINION AND ORDER ON PLAINTIFFS' MOTION (DE 776) TO ALTER OR AMEND AUGUST 2, 2022 OPINION**

By Opinion and Order dated August 2, 2022 (DE 769 in 5:18-2809), this Court granted the defendants summary judgment and denied the plaintiffs' motion for more time to identify a general causation expert. Plaintiffs now move the Court under Federal Rule of Civil Procedure 59(e) to alter or amend that Opinion and Order. The Court will deny the motion.

In their Rule 59(e) motion, the plaintiffs ask the Court to amend the portion of the August 2, 2022 opinion that denied their motion for additional time to identify an acceptable expert on general causation. The Court pointed out in the August 2, 2022 opinion that the plaintiffs had been granted ample time to identify an acceptable expert on general causation and that they had provided the Court with no reason for their inability to do so. Further, in their motion for additional time, the plaintiffs were unable to identify any such expert willing to testify on their behalf. Nor did the plaintiffs identify any such expert in their reply brief on that motion. Now, in this Rule 59(e) motion, the plaintiffs are still unable to identify any such expert.

Instead, the plaintiffs continue to rely on guidelines published in 2022 by the American Heart Association, the American College of Cardiology, and the Heart Failure Society of America. In the August 2, 2022 opinion, the Court fully addressed why these guidelines do not

obviate the need for expert testimony on general causation. There is no need to repeat that ruling here. Briefly, the guidelines rely on the SAVOR study. That study established at most an association between saxagliptin and heart failure. It did not establish that saxagliptin is capable of causing heart failure. Further, the plaintiffs have produced no evidence or even argument that the standard for issuing the guidelines is the same as the standard for establishing general causation in court.

Nor have plaintiffs identified any expert willing to testify that the guidelines establish general causation. In their reply brief on this current motion, the plaintiffs suggest that maybe their expert Dr. Martin Wells could do so. They do not assert that Dr. Wells is willing to do so. And Dr. Wells could not do so because, as the Court explained in its August 2, 2022 opinion, Dr. Wells and the plaintiffs themselves have explicitly recognized that Dr. Wells is not qualified to opine on general causation.

In their motion, the plaintiffs also request that the Court amend the summary judgment opinion to indicate that it is final and appealable pursuant to Federal Rule of Civil Procedure 54(b). That rule permits the Court to direct entry of final judgment as to only certain claims or parties when an action presents more than one claim for relief or when multiple parties are involved. Here, however, the Court granted summary judgment as to all of the claims asserted in the Master Complaint explaining that each of those claims require proof of general causation. As to the parties, in its August 2, 2022 opinion, the Court ordered the defendants to identify any open cases that named defendants other than the three defendants who moved for summary judgment. This was because the Court believed it not appropriate to enter summary judgment in favor of any defendant who had not moved for such relief. All of the claims asserted against such other defendants have now been dismissed. Plaintiffs do not identify any cases that would

survive the Court's ruling on summary judgment. Accordingly, the Court will enter a final judgment under Federal Rule of Civil Procedure 58.

For all these reasons, the Court hereby ORDERS as follows:

1) the plaintiffs' Rule 59 motion (DE 776 in 5:18-2809) to alter or amend the Court's Opinion and Order entered August 2, 2022 is DENIED; and

2) the defendants' motion (DE 780 in 5:18-2809) to direct the clerk to enter final judgment pursuant to Rule 58 is GRANTED to the extent that it requests the Court to enter a final judgment in this matter.

This 3rd day of November, 2022.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY